In their Opinion and Award, the majority finds that plaintiff suffered from bicep tendinosis and finds this condition a compensable occupational disease. I disagree. In the case at hand, plaintiff ruptured his bicep tendon at work lifting a tire as part of his normal job duties in a usual and customary manner, without any unusual events or circumstances occurring. Unable to meet the requirements of a compensable injury by accident, plaintiff seeks compensation for an occupational disease. The plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. GEN. STAT. 97-53(13). The plaintiff must show that (1) the disease is characteristic of a trade or occupation; (2) the disease is not an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there is proof of causation. Hanselv. Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101(1981). In the instant case, there was no medical testimony showing that plaintiff was at an increased risk of developing tendinosis as compared to members of the general public not so employed. Dr. Robert B. McBride, Jr., the only expert medical witness to testify in this case, could only say that bicep tendon tears are "uncommon among the general public. Dr. McBride did not include plaintiffs vocation when specifically asked to name groups in which he treated bicep tears frequently. The majority improperly infers the required increased risk element in the absence of sufficient medical evidence. The Court of Appeals has recently spoken on this issue. InNorris v. Drexel Heritage Furnishings, slip op. (No. COA99-1533, filed 15 August 2000), the Court specifically held that medical testimony is required to meet the increased risk requirement necessary for an occupational disease to be compensable under the Act. Given the foregoing, plaintiff has not proven that he contracted a compensable occupational disease as a result of his employment with defendants.
For the foregoing reasons, I must respectfully dissent from the opinion of the majority in this case.
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER